UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUIZ SENA TEIXEIRA, individually and on behalf of others similarly situated,<br><br>                                         Plaintiffs,<br><br>                   - against -<br><br>ELI ZABAR; ELI'S MANHATTAN WAREHOUSE, INC.; ELI'S MANHATTAN INC.; EBAR TENANT CORP.; EAT MADISON 91 LLC; OLIVER ZABAR; and any other related entities,<br><br>                                         Defendants. | **Index No.:**<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>*Jury Trial Demanded* |

The Named Plaintiff, LUIZ SENA TEIXEIRA, by his attorneys, Leeds Brown Law, P.C., allege upon knowledge to themselves and upon information and belief as to all other matters as follows:

### PRELIMINARY STATEMENT

1.        This action is brought pursuant to the New York Labor Law ("NYLL") Article 19 § 650 *et seq.*, 12 NYCRR Part 146, NYLL Article 6 § 190 *et seq.*, and 29 U.S.C. § 201 *et seq.* ("FLSA"), to recover unpaid minimum wages, unlawfully retained gratuities, and other unpaid wages owed to Named Plaintiff and all similarly situated persons ("Plaintiffs") who are presently or were formerly employed by ELI ZABAR; ELI'S MANHATTAN WAREHOUSE, INC.; EBAR TENANT CORP.; EAT MADISON 91 LLC; OLIVER ZABAR, and/or any other related entities (collectively "Defendants").

2.        Upon information and belief, beginning in March 2013 and continuing through the present, Defendants have maintained a policy and practice of failing to pay all wages and gratuities

owed to Named Plaintiff and similarly situated employees in violation of NYLL §§ 190, 191, 193, 196-d, and 198 and the FLSA – including the implementing regulations.

3.      Named Plaintiff has initiated this action seeking for himself, and on behalf of all similarly situated employees, all compensation, including unpaid wages, and unpaid gratuities which they were deprived of, plus damages, interest, attorneys' fees, and costs.

## THE PARTIES

4.      Named Plaintiff LUIZ SENA TEIXEIRA is an individual who resides in the State of New York, and was employed by Defendants from approximately June 2016 until January 2019, during which time he worked as a waiter at Defendants' locations in New York City, including those commonly known as Eli's Table, Eli's Bar 91, and Night Shift.

5.      Upon information and belief, Defendant ELI'S MANHATTAN WAREHOUSE, INC., is a domestic business corporation organized and existing under the laws of the State of New York, with a headquarters and principal place of business located at 1064 Madison Ave., New York, NY 10028.  According to paychecks received by the Named Plaintiff, Defendant ELI'S MANHATTAN WAREHOUSE, INC. maintains the "payroll account" for employees.

6.      Defendant ELI ZABAR is the owner, manager, and/or controller of Eli's Bar 91 and Eli's Table, and other affiliated entities, and he is a resident of the state of New York, with his principal place of business located at 1270 Madison Avenue, New York New York, 10028.

7.      According to public filings with the New York State Department of Liquor and in various other forums, Defendant ELI ZABAR held himself out as being in charge of the facilities in question.

8.      According to the New York State Department of State, Defendant ELI'S MANHATTAN, INC., is a domestic business corporation organized and existing under the laws

2

of the State of New York, with a principal executive office at 1064 Madison Ave., New York, NY 10028.

9.      According to the New York State Department of State, Defendant EBAR TENANT CORP. is a domestic business corporation organized and existing under the laws of the State of New York, with a headquarters and principal place of business located at 1411 3rd Avenue, New York, NY, 10021 and a principal executive office at 1064 Madison Ave., New York, NY, 10028.

10.     According to the New York State Department of State, Defendant EAT MADISON 91 LLC is a domestic business corporation organized and existing under the laws of the State of New York, with a headquarters and principal place of business located 1270 Madison Avenue, New York, NY, 10028.

11.     Upon information and belief, Defendant OLIVER ZABAR is the owner, manager, and/or controller of "Eli's Bar 91" and/or any other affiliated entities and is a resident of the state of New York, with his principal place of business located at 1270 Madison Avenue, New York New York, 10028.

12.     Defendants ELI ZABAR and OLIVER ZABAR are and at all times were the owners, managers, and/or controllers of Eli's Table and Defendants' other locations where Named Plaintiff and similarly situated employees performed work.

13.     Defendants jointly own, operate, and manage a chain of restaurants and hospitality-related businesses that are controlled by Defendant ELI ZABAR and OLIVER ZABAR.

14.     According to www.elizabar.com, its subsites and press articles on the same, Defendant ELI ZABAR is the principal who opened and controls the locations in question with the aid and assistance of OLIVER ZABAR.

## VENUE AND JURISDICTION

15.     This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over Plaintiffs' claims under the NYLL pursuant to 28 U.S.C. § 1367.

16.     Venue is proper in the Southern District of New York under 28 U.S.C. § 1391, as many, if not all, of the events relevant to this action occurred at Defendants' restaurant and hospitality locations in this District.

17.     Upon information and belief, in each of the three years preceding the filing of this action, Defendants had an annual gross volume of sales in excess of $500,000.

18.     At all times, relevant to this action, Defendants have jointly operated as an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

## CLASS AND COLLECTIVE ALLEGATIONS

19.     This action is properly maintainable as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and as a collective action pursuant to 29 U.S.C. § 216(b).

20.     This action is brought on behalf of Named Plaintiff and a class consisting of each and every other person who worked for Defendants as service employees, including such workers as wait staff, waiters, servers, captains, bussers, bartenders, food runners, maitre d's, bridal attendants, and in various other related customarily-tipped trades. at each of Defendants' locations in New York from March 2013 to the present.

21.     Named Plaintiff is similarly situated to other individuals who were similarly subject to the same wage and hour practices, and is thus entitled to provide notice to other workers such that they can come forward to raise their own claims before a court of competent jurisdiction.

22.     Named Plaintiff and putative class members are all victims of Defendants' common

policy and/or plan to violate NYLL statutes by (1) to recover unpaid minimum wages owed to Named Plaintiff and putative class members, (2) to recover unlawfully retained gratuities owed to Named Plaintiff and putative class members, (3) failing to provide Wage Theft Notice to Named Plaintiff and putative class members, (4) failure to pay wages owed to Named Plaintiff and putative class members, and (5) their retaliatory actions when aforementioned plans were brought to attention.

23.     Defendants uniformly applied the same employment practices, policies, and procedures to all service employees who performed work for Defendants in the State of New York.

24.     The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be at least 40 individuals. In addition, the names of all potential members of the putative class are not known.

25.     The questions of law and fact common to the putative class predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to: (1) whether Defendants properly paid all of its service employees hourly wages for all hours worked; (2) whether Defendants properly paid all of its service employees the statutory minimum wage for all hours worked; (3) whether Defendants charged customers a gratuity and/or service charge; (4) whether Defendants engaged in a policy and practice of holding out to customers that this gratuity and/or service charge was a gratuity; (5) whether Defendants' customers reasonably believed that this gratuity and/or service charge was a gratuity; and (6) whether Defendants failed to properly remit this service charge and/or any other gratuities to service employees.

26.     The claims of the Named Plaintiff are typical of the claims of the putative class. Named Plaintiff and putative class members were all subject to Defendants' policies and practices

of failing to pay employees all earned wages and all earned tips/gratuities. Named Plaintiff and putative class members thus have sustained similar injuries as a result of Defendants' actions.

27.    Named Plaintiff has retained counsel experienced in complex wage and hour class action litigation.

28.    Named Plaintiff and his counsel will fairly and adequately protect the interests of the putative class.

29.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The Named Plaintiff and putative class members lack the financial resources to adequately prosecute separate lawsuits against Defendants.

30.    Furthermore, the damages for each individual are small compared to the expense and burden of individualized prosecutions of this litigation.

31.    Finally, a class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to Defendants' policies.

32.    Prosecuting and defending multiple actions would be impracticable.

33.    Managing a class action will not result in undue difficulties.

## **FACTS**

34.    Plaintiff TEIXEIRA was employed by Defendants as a restaurant server and waiter from approximately June 2016 to January 2019, performing work at the 3rd Ave., 91st St., and the 79th St. locations in New York City.

35.    Plaintiff TEIXEIRA regularly performed work on four to five days per week for eight hour shifts, and thus would work between 30 and 40 hours in a typical work week.

36.    Plaintiff TEIXEIRA was paid at a rate of $8.65 per hour in 2018 – which was less than the applicable minimum wage rate at the time – however, his paystubs did not reflect any

allowance being taken against the minimum wage.

37.    During Plaintiff TEIXEIRA's employment, Defendants' salaried Managers were participating in the tip pool and Plaintiff TEIXEIRA was not provided with all of the tips he was owed.

38.    Plaintiff's work at Defendants' restaurant was directed and controlled by the Individual Defendants and Defendants' employees.

39.    Individual Defendants had primary control of all employees who performed work at Defendants' restaurant.

40.    Upon information and belief, beginning in or about March 2013, Defendants employed numerous individuals to perform work related to Defendants' restaurant, bar, and catering business in trades including wait staff, bussers, bartenders, barbacks, food runners, Captains, and in other related customarily-tipped trades ("Service Employees").

41.    Named Plaintiff perform work both as a restaurant and catering worker for Defendants' various restaurant locations and their guests.

42.    Upon information and belief, the violations alleged herein have occurred continuously throughout the six-year limitations period provided by the NYLL, from March 2013 through the present.

**FIRST CAUSE OF ACTION AGAINST DEFENDANTS:**
**UNLAWFUL WITHOLDING OF GRATUITIES**

43.    Named Plaintiff and putative class members are "employees," within the meaning contemplated pursuant to NYLL Article 6 § 190(2), NYLL Article 19 § 651(5), 12 NYCRR § 146-3.2, and cases interpreting same.

44.    The provisions of NYLL Articles 6 and 19, and the supporting New York State Department of Labor regulations, including 12 NYCRR Part 146, apply to Defendants and protect

Plaintiff and members of the putative class.

45.    Pursuant to NYLL Article 6 § 196-d, and the supporting New York State Department of Labor Regulations, "No employer or her agent or an officer or agent of any corporation, or any other person shall demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee."

46.    The Individual Defendants exercised dominion and control over the service workers who performed work for Eli's Table, Eli's Bar 91, and Night Shift, including workers who worked catered events.

47.    Defendants ELI ZABAR and OLIVER ZABAR had the authority to (1) hire and fire Named Plaintiff and putative class members, (2) negotiate the terms and conditions of employment for Named Plaintiff and putative class members, (3) set the schedules for Named Plaintiff and putative class members, and (4) control the means and methods of how Named Plaintiff and putative class members performed job duties and responsibilities.

48.    ELI ZABAR; ELI'S MANHATTAN WAREHOUSE, INC.; EBAR TENANT CORP.; EAT MADISON 91 LLC; and OLIVER ZABAR are all "employers" under the NYLL because they controlled the work environment in which Plaintiff performed work, the means by which Plaintiff performed work, and the policies in place at the locations in which Plaintiff performed work.

49.    Defendants jointly exercised dominion and control over the locations in which Plaintiff performed work.

50.    Defendants are "employers" as that term is defined by the NYLL, its implementing regulations, and the case law on the same.

51.     Defendants' employees who performed work as managers of the service employees, unlawfully shared in tips and gratuities which is a violation of NYLL Article 6 § 196-d.

52.     Defendants' managers had meaningful supervisory authority and direction over the work of Plaintiff and other similarly situated, but yet participated in the tip pool by claiming a share of the tips for themselves.

53.     Additionally, upon information and belief, Defendants assessed a mandatory charge in the nature of a service charge or administrative charge for the administration of a catered event, but failed to provide "adequate notification" on all documents listing price to customers.

54.     , Defendants unlawfully withheld and retained portions of gratuities provided to service employees, including but not limited to those collected as mandatory charges as part of catered events.

55.     Defendants allowed its customers to believe that the mandatory charge was a gratuity and that it was going to be distributed to the waitstaff that worked the catered event. However, upon information and belief, Defendants retained that charge for themselves.

56.     Named Plaintiff was not provided any portion of the mandatory charge.

57.     Defendants violated § 196-d by; a) allowing managers to participate in the tip pool for service workers, b) representing or allowing customers to believe that the mandatory charge was a gratuity, c) failing to distribute the mandatory charge which is a gratuity to the service staff who worked at Defendants' catered events, including Named Plaintiff and putative class members, and d) retaining the mandatory charge and gratuity for themselves.

58.     Upon information and belief, Defendants willfully disregarded and purposefully evaded recordkeeping requirements of applicable New York State law by failing to maintain proper and complete records of service charges in the nature of gratuities, as required under

12 NYCRR § 146-2 et seq.

59.    By the foregoing reasons, Defendants have violated NYLL Article 6 § 196-d, and as such are liable to Plaintiff and putative class members in an amount to be determined at trial, plus interest, damages, attorneys' fees and costs.

**SECOND CAUSE OF ACTION AGAINST DEFENDANTS:**
**FLSA: FAILURE TO PAY MINIMUM WAGE**

60.    Defendants are employers as that term is defined under the FLSA, as they had each had authority and control over the work performed by the Named Plaintiff and the policies in place at the restaurants and hospitality locations here.

61.    Similarly situated individuals were subject to the same rules and policies that were developed, maintained, and executed by Defendants and their staff.

62.    Defendants are "employers" within the meaning of 29 U.S.C. §§ 203(e) and 206(a) and employed Plaintiffs.

63.    Plaintiffs are "employees" within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

64.    Defendants were required to pay Plaintiffs the applicable federal minimum wage rate.

65.    Defendants failed to pay the Named Plaintiff the minimum wages to which he is entitled.

66.    Named Plaintiff was paid at an hourly rate less than the applicable minimum wage rate for all hours worked.

67.    However, Defendants violated the FLSA, including § 203(m), by allowing managers to participate in the tip pool and were thus ineligible to claim a tip credit.

68.    Defendants violations were willful.

69.    As a result of Defendants willful violations of the FLSA, Named Plaintiff suffered

damages by not being paid proper minimum wage in an amount to be determined at trial, plus liquidated damages, interest, costs, and attorney's fees.

### THIRD CAUSE OF ACTION AGAINST DEFENDANTS:
### FAILURE TO PAY NEW YORK MINIMUM WAGE

70.    Title 12 NYCRR § 146-1.1 required that "[e]very employer in the hospitality industry must pay to each employee … the minimum wage rates provided in this part."

71.    Title NYCRR § 146-1.2 states that "[t]he basic minimum hourly rate shall be (a) $7.25 per hour on and after January 1, 2011; (b) $8.00 per hour on and after December 31, 2013; (c) $8.75 per hour on and after December 31, 2014…." Subsequently, the rates were increased in accordance with the Hospitality Wage Order throughout 2016, 2017, and 2018.

72.    NYLL § 663 provides that, "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

73.    The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor regulations apply to Defendants and protect the Named Plaintiff and members of the putative class.

74.    Defendants failed to pay all the Named Plaintiff and other members of the putative class minimum wages for all hours worked, in violation of Title 12 NYCRR §§ 146-1.1, 146-1.2 and Labor Law § 663.

75.    Defendants were not eligible to take a tip credit for Plaintiffs and provided Plaintiffs with less than the minimum wage rate for all hours worked.

76.    Defendants violated 12 NYCRR § 1.3 in claiming a tip credit for Plaintiff, because Defendants failed to provide notification of the tip credit and failed to provide Plaintiff with all tips to which he was entitled.

77.     By the foregoing reasons, Defendants have violated Title 12 NYCRR §§ 146-1.1, 146-1.2, 146-1.3, and NYLL § 663, and are liable to the Named Plaintiff and members of the putative class in an amount to be determined at trial, plus damages, interest, attorneys' fees and costs.

## FOURTH CAUSE OF ACTION AGAINST DEFENDANTS: WAGE THEFT NOTICE

78.     Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

79.     Pursuant to NYLL Article 6 § 195(1)(a), "every employer shall: provide his or her employees, in writing in English and in the language identified by each employee as the primary language of such employee, at the time of hiring, a notice containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary. Each time the employer provides such notice to an employee, the employer shall obtain from the employee a signed and dated written acknowledgement, in English and in the primary language of the employee, of receipt of this notice…. For all employees who are not exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the notice must state the regular hourly rate and overtime rate of pay."

80.     NYLL § 195(3) requires an employer such as Defendant to "furnish each employee with a statement with every payments of wages, listing the following: the dates of work covered

by that payment of wages; name of employee; name of employer; address and phone number of

employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day week, salary,

piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the

minimum wage; and net wages. For all employees who are not exempt from overtime

compensation as established in the commissioner's minimum wage orders or otherwise provided

by New York state law or regulation, the statement shall include the regular hours worked, and the

number of overtime hours worked…"

81.     Here, the Named Plaintiff and, upon information and belief, members of the

putative class did not receive a notice in writing within ten business days of their first day of

employment – or at any time thereafter – listing all required information, including the rates at

which they were to be compensated and their regular pay day as designated by Defendants.

82.     Named Plaintiff did not receive proper pay stubs.

83.     NYLL Article 6 § 198(1-b) provides that "[i]f any employee is not provided within

ten business days of his or her first day of employment a notice as required by subdivision one of

section one hundred ninety-five of this article, he or she may recover in a civil action damages of

fifty dollars for each work day that the violations occurred or continue to occur, but not to exceed

a total of five thousand dollars, together with costs and reasonable attorney's fees. The court may

also award other relief, including injunctive and declaratory relief, that the court in its discretion

deems necessary or appropriate."

84.     NYLL Article 6 § 198(1-d) provides that "[i]f any employee is not provided a

statement or statements as required by subdivision three of section one hundred ninety-five of this

article, he or she shall recover in a civil action damages of two hundred fifty dollars for each work

day that the violations occurred or continue to occur, but not to exceed a total of five thousand

dollars, together with costs and reasonable attorney's fees. The court may also award other relief, including injunctive and declaratory relief, that the court in its discretion deems necessary or appropriate.

85.     By the foregoing reasons, Defendants have violated NYLL Article 6 § 195(1)(a), and are liable to Named Plaintiff and members of the putative class in an amount to be determined at trial, plus damages, interest, attorneys' fees and costs.

## FIFTH CAUSE OF ACTION AGAINST DEFENDANTS:
## RETALIATION

86.     Defendants retaliated against Named Plaintiff by effectively terminating his employment after he complained about missing wages and tips, in violation of NYLL § 215 and FLSA § 215.

87.     In or around January 2019, Plaintiff complained to a manager/supervisor about the managers participating in the tip pool.

88.     Shortly after the complaint and as a result of the complaint, Plaintiff was terminated.

89.     Defendants ELI ZABAR and OLIVER ZABAR aided, abetted, incited, compelled, and/or coerced the unlawful conduct in violation of NYLL § 215 and FLSA § 215.

## SIXTH CAUSE OF ACTION AGAINST DEFENDANTS:
## FAILURE TO PAY WAGE

90.     Pursuant to Article 6 of the NYLL, workers such as the Named Plaintiff and members of the putative class are protected from wage underpayments and improper employment practices.

91.     Pursuant to NYLL § 652, "Every employer shall pay to each of its employees for each hour worked a wage of not less than... (2) $7.25 per hour on and after July 24, 2009; (3)

$8.00 per hour on and after December 31, 2013; (4) $8.75 per hour on and after December 31, 2014; (5) $9.00 per hour on and after December 31, 2015 ..."

92.     Pursuant to NYLL § 190, the term "employee" means "any person employed for hire by an employer in any employment."

93.     As persons employed for hire by Defendants, the Named Plaintiff is an "employee," as understood in NYLL § 190.

94.     Pursuant to NYLL § 190, the term "employer" includes any "person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service."

95.     As the entity that hired, directed, and controlled the job performance of the Named Plaintiff, Defendants are "employers."

96.     Pursuant to NYLL § 191 and the cases interpreting same, workers such as the Named Plaintiff and members of the putative class are entitled to be paid all their weekly wages "not later than seven calendar days after the end of the week in which the wages are earned."

97.     In failing to pay the Named Plaintiff and members of the putative class minimum wages for time worked, Defendants violated NYLL § 191.

98.     Pursuant to NYLL § 193, "[n]o employer shall make any deduction from the wages of an employee," such as the Named Plaintiff and members of the putative class, that is not otherwise authorized by law or by the employee.

99.     By withholding minimum wages and tips from the Named Plaintiff and members of the putative class, pursuant to NYLL § 193 and the cases interpreting same, Defendants made unlawful deductions.

100.     Defendants' failure to pay minimum wages and tips to Named Plaintiff and

members of the putative class was willful.

101.    By the foregoing reasons, Defendants have violated NYLL § 198 and are liable to the Named Plaintiff and members of the putative class in an amount to be determined at trial, plus damages, interest, attorneys' fees and costs.

**WHEREFORE**, Named Plaintiff, individually and on behalf of all other persons similarly situated who were or are employed by Defendants, demands judgment:

(1)    on the first cause of action against Defendants, in an amount to be determined at trial, plus interest, liquidated damages, attorneys' fees, and costs, pursuant to the cited NYLL sections;

(2)    on the second cause of action against Defendants, in an amount to be determined at trial, plus interest, liquidated damages, attorneys' fees, and costs, pursuant to the cited NYLL sections;

(3)    on the third cause of action against Defendants, in an amount to be determined at trial, plus interest, liquidated damages, attorneys' fees, and costs, pursuant to the cited NYLL sections;

(4)    on the fourth cause of action against Defendants, in an amount to be determined at trial, plus interest, liquidated damages, attorneys' fees, and costs, pursuant to the cited NYLL sections;

(5)    on the fifth cause of action against Defendants, in an amount to be determined at trial, plus interest, liquidated damages, attorneys' fees, and costs, pursuant to the cited NYLL sections;

(6)    on the sixth cause of action against Defendants, in an amount to be determined at trial, plus interest, liquidated damages, attorneys' fees, and costs, pursuant to the cited NYLL sections;

(7)    together with such other and further relief the Court may deem appropriate.

Dated:  Carle Place, New York                    **LEEDS BROWN LAW, P.C.**

March 13, 2019

_____/s/_____
Michael A. Tompkins, Esq.
Brett R. Cohen, Esq.
One Old Country Road, Suite 347
Carle Place, New York 11514
Tel: (516) 873-9550

*Attorneys for Plaintiff, the Putative Class and Collective*

# CONSENT TO JOIN COLLECTIVE ACTION TO
## RECOVER UNPAID WAGES

BY SIGNING BELOW I, ___Luiz Sona Teixeira___, **WISH TO PARTICIPATE**

**IN THIS LAWSUIT TO RECOVER ANY UNPAID WAGES THAT MAY BE OWED TO ME UNDER**

**THE FAIR LABOR STANDARDS ACT AGAINST** ___Eli Zebar___ **AND**

**ANY AFFILIATED ENTITIES AND OWNERS OF THIS COMPANY.**

I hereby appoint Jeffrey Brown and Michael Tompkins of the law firm Leeds Brown Law, P.C., One Old Country Road, Suite 347, Carle Place, NY , 11514-1851, telephone (516) 873-9550.

Name (print) : ___Luiz Sona Teixeira___

Address :

City :

Signature : ___(signature)___          Date: ___03-15-19___